UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INTERACTIVE BROKERS LLC,

    Plaintiff,

v.                                                CASE NO. 8:18-cv-1583-T-23CPT

ASHOK MITTAL,

    Defendant.
_____/

## **ORDER**

Interactive Brokers, LLC, a Connecticut corporation, sues (Doc. 2) Ashok Mittal, a citizen of Florida. The notice of removal (Doc. 1) alleges diversity jurisdiction under 28 U.S.C. § 1332 but fails to state the citizenship of Interactive's members.

In general, an allegation of complete diversity of citizenship is necessary to invoke the diversity jurisdiction of a district court. *Fritz v. American Home Shield Corp.*, 751 F.2d 1152, 1153 (11th Cir. 1985). Complete diversity means that no defendant is a citizen of the same state as any plaintiff. If any plaintiff and any defendant share citizenship of the same state, diversity is incomplete and the complaint fails to invoke the district court's diversity jurisdiction. *Lykins v. Pointer, Inc.*, 725 F.2d 645, 648 (11th Cir. 1984); *Duff v. Beaty*, 804 F. Supp. 322, 334 (N.D. Ga. 1992). *Newman-Green, Inc., v. Alfonzo-Larrain*, 490 U.S. 826, 829, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989). In "determin[ing] the citizenship of a limited liability company for

jurisdiction purposes, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

A representative of Interactive declares that "[t]he large majority of the ownership interest in Interactive is held by . . . a limited liability company organized under the laws of the State of Connecticut. The remaining interest in Interactive is held by . . . an individual who resides in . . . Florida and is Interactive's Chief Executive Officer. . . . In sum, Interactive, through its member . . . is a citizen of . . . Florida." (Doc. 5-1 at 1–2) Because Interactive and Mittal share Florida citizenship, Mittal fails to invoke the district court's diversity jurisdiction.

Interactive's motion (Doc. 5) to remand is **GRANTED**,* and Interactive's "request[] [for] its attorneys' fees and costs incurred as a result of [Mittal's] objectively unreasonable removal[]" (Doc. 5 at 1) is **DENIED**. Under 28 U.S.C. § 1447(c), this action is **REMANDED**. The clerk is directed (1) to mail a certified copy of this order to the clerk of the Circuit Court for Hillsborough County and to close the case.

ORDERED in Tampa, Florida, on August 10, 2018.

> _____
> STEVEN D. MERRYDAY
> UNITED STATES DISTRICT JUDGE

---

* The defendant has failed to respond to Interactive's motion to remand.